Marilynn PODRUCH, individually and
on behalf of all others similarly
situated, Appellant,

v.

STATE of Minnesota, DEPARTMENT
OF PUBLIC SAFETY, et al.,
Respondents.

No. A03–809.

Court of Appeals of Minnesota.

Feb. 10, 2004.

Neil Peter Thompson, John J. Curi, Minneapolis, MN, for appellant.

Steven B. Liss, Nancy J. Joyer, Assistant Attorneys General, St. Paul, MN, for respondents.

Considered and decided by
TOUSSAINT, Chief Judge; KLAPHAKE, Judge; and ANDERSON, Judge.

## OPINION

TOUSSAINT, Chief Judge.

This lawsuit challenges the fee charged by the respondent Commissioner of Public Safety for parking privileges for the physically disabled under Minn.Stat. § 169.345, subd. 3 (2000). Appellant alleges that the fee is an unfair discriminatory practice under the Minnesota Human Rights Act (MHRA), specifically Minn.Stat. § 363.03, subd. 3 (2000). In two separate orders, the district court ruled that (a) the fee violated the MHRA but no injunction was necessary because the state had ceased to charge the fee; and (b) the state and the commissioner were not liable because they were protected by official and vicarious official immunity. Because we conclude that imposition of the fee was a discretion-ary act and legally reasonable, we affirm the district court's decision to dismiss the action on the basis of official and vicarious official immunity.

## FACTS

Appellant Marilynn Podruch brought this action on August 2, 2002, alleging that the fee charged for a disability parking certificate for permanently disabled individuals violated the Minnesota Human Rights Act (MHRA), specifically Minn. Stat. § 363.03, subd. 3 (2000), and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 (2002). Podruch later withdrew the ADA claim, leaving only the MHRA claim, and stated to the district court that the case could be decided "solely on state law."

Podruch originally paid five dollars for a six-year permanent disability parking certificate in October 1993. By displaying the certificate, Podruch could park in designated parking spaces for disabled persons and in certain metered and non-metered parking spaces without the obligation to pay the meter fee and, in some cases, without time restrictions. *See* Minn.Stat. § 169.345, subd. 1 (2000). Twice Podruch paid five dollars for a replacement certificates, once in 1997 and once in 2001.

The five dollar fee was initially imposed by the Director of Driver and Vehicle Services of the Minnesota Department of Public Safety in 1987. *See* 1987 Minn. Laws ch. 355, § 7. The Minnesota State Council for the Handicapped, now known as the Minnesota Disability Council, sponsored the legislation allowing for imposition of the fee for the purpose of strengthening the state's preferential parking program for persons with a disability by imposing a six-year expiration date on the certificates. Effective February 1, 2002, respondent Commissioner of Public Safety discontinued charging a fee for certificates and

replacement certificates issued to persons with permanent disabilities.

On the parties' cross-motions for summary judgment, the district court ordered summary judgment for Podruch on her claim that the disability parking certificate fee violated the MHRA, but denied her request for injunctive relief because respondents had already ceased to charge the fee. Subsequently, the court determined Podruch's motion for class certification was moot, denied her motion for sanctions, and granted respondents's motion to dismiss on the basis of official and vicarious official immunity. The district court denied Podruch's motion to reconsider. Podruch appealed, and respondents filed a notice of review.

## ISSUES

Did the district court correctly conclude that the Commissioner of Public Safety and the State of Minnesota were protected from the Minnesota Human Rights Act claim based on official and vicarious official immunity?

## ANALYSIS

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. Here, the material facts are undisputed.

The district court granted summary judgment for respondents Commissioner of Public Safety and State of Minnesota on the basis of official and vicarious official immunity. Podruch argues that the court's ruling that respondents violated the Minnesota Human Rights Act (MHRA), specifically Minn.Stat. § 363.03, subd. 3 (2000), by charging the fee precludes the official immunity defense.

The applicability of immunity is a question of law, which this court reviews de novo. *Johnson v. State*, 553 N.W.2d 40, 45 (Minn.1996). The party asserting immunity has the burden of showing particular facts that indicate entitlement to immunity. *Fear v. Indep. Sch. Dist. 911*, 634 N.W.2d 204, 209 (Minn.App.2001), *review denied* (Minn. Dec. 11, 2001).

Official immunity may apply to claims under the MHRA, depending on the nature of the governmental duty being discharged by the defendants. *State by Beaulieu v. City of Mounds View*, 518 N.W.2d 567, 571 (Minn.1994). The doctrine of official immunity protects from personal liability a public official charged by law with duties that call for the exercise of judgment or discretion unless the official is guilty of a willful or malicious wrong. *Elwood v. Rice County*, 423 N.W.2d 671, 677 (Minn.1988). Official immunity primarily is "intended to insure that the threat of potential personal liability does not unduly inhibit the exercise of discretion required of public officers in the discharge of their duties." *Holmquist v. State*, 425 N.W.2d 230, 233 n. 1 (Minn. 1988).

Podruch concedes that the commissioner's decision to charge a fee for disability parking certificates was a discretionary act. The statute authorizing the contested fee, Minn.Stat. § 169.345, subd. 3 (2000), has provided since 1987 that the commissioner "may charge a fee of $5" for a disability parking certificate. 1987 Minn. Laws ch. 355, § 7. Nevertheless, Podruch contends that the commissioner's decision to impose the fee constituted a willful or malicious wrong.

In deciding whether an official has committed such a wrong, the court will examine "whether the official has intentionally committed an act that he or she had reason to believe is prohibited."

*Beaulieu,* 518 N.W.2d at 571–72. When an official shows that the conduct was objectively legally reasonable, there is no malice. *See Rico v. State,* 472 N.W.2d 100, 108 (Minn.1991); *see also Gleason v. Metro. Council Transit Operations,* 563 N.W.2d 309 (Minn.App.1997) *aff'd in part,* 582 N.W.2d 216 (Minn.1998) (official immunity does not bar suit if official acted without legal reasonableness and violated known right).

Podruch argues that respondents should have known that imposition of a fee "post–1992" was illegal after Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101(ADA), and the Minnesota Legislature codified a part of the ADA in the MHRA, Minn.Stat. § 363.03, subd. 3. We conclude the commissioner had no reason to believe that the fee was prohibited or that the legislature lacked authority to allow a fee.

■ Since 1975, the disabled have been a protected class under the MHRA and it has been an unfair discriminatory practice to deny "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of . . . [a] disability." 1975 Minn. Laws ch. 206, § 2. In 1973, the legislature expressly protected from the broad anti-discrimination prohibitions of MHRA "any program, service, facility, or privilege afforded to a person with a disability which is intended to habilitate, rehabilitate, or accommodate that person." 1973 Minn. Laws ch. 729, § 2 (codified at Minn.Stat. § 363.02, subd. 5 (2002)). This disability exemption provision ensures that the state may engage in preferential practices intended to accommodate the disabled. While the parties dismiss this exemption provision as inapplicable, we conclude it exempts programs, such as the state's parking privileges pro-

gram for the disabled, from attack as an unfair discriminatory practice.

Provisions in the ADA, specifically 42 U.S.C. § 12182(b), and identical provisions codified in the MHRA, Minn.Stat. § 363.03, subd. 3(b), also exempt from the general prohibitions against discrimination those programs necessary to provide accommodations as effective to the disabled as those available to the general public. The statutes state that it is discriminatory to: (1) subject the disabled to a denial of the opportunity to benefit from services, facilities, and accommodations; (2) afford the disabled with the opportunity to benefit from services, facilities, and accommodations "that are not equal to those afforded to other individuals"; and (3) provide the disabled with services, privileges, and accommodations that are different or separate from those provided to other individuals. 42 U.S.C. § 12182(b)(1)(A)(i), (ii) & (iii); Minn.Stat. § 363.03, subd. 3(b)(1)(i),(ii) & (iii). Reservation of the closest parking spaces to public accommodations to guarantee access to those accommodations by the disabled cannot be construed as one of the first two types of discriminatory practices. The program does not constitute either (1) a "denial of the opportunity . . . to participate in or benefit from" facilities or accommodations or (2) an opportunity to participate in or benefit from "accommodations that are not equal to those afforded to other individuals." *See* Minn.Stat. § 363.03, subd. 3(b)(1)(i), (ii); Minn.Stat. § 645.17 (2002) (stating that legislature does not intend absurd result). Although the reserved parking spaces fall within the third type of discriminatory practice, because they are accommodations "different and separate from those provided to other individuals," such "discriminatory" accommodations are specifically allowed where necessary to provide the disabled with "goods, services, facilities, privileges, advantages, or accom-

modations or other opportunities that are as effective as those provided to others." *Id.*, subd. 3(b)(1)(iii). Read in conjunction, Minnesota's laws providing for parking privileges for the disabled and prohibiting unfair acts of discrimination do not clearly prohibit the five dollar fee charged by the commissioner. Accordingly, it was legally reasonable for the commissioner to charge the fee.

Despite Podruch's dismissal of all federal claims from this action, she urges this court to follow ADA caselaw and regulations to conclude the fee charged by the commissioner was a clear violation of an established right. Absent a claimed constitutional violation or statutory violation of the ADA, there is no basis for delving into federal law to resolve this state law immunity issue. Podruch's heavy reliance on an ADA decision, *Dare v. State of California*, 191 F.3d 1167 (9th Cir.1999), is, in any event, misplaced. The *Dare* court held that California's six dollar surcharge on disability parking placards violated the ADA. At issue, however, was an ADA provision that was not adopted in the MHRA. *See Kolton v. County of Anoka*, 645 N.W.2d 403, 407 (Minn.2002) (stating that Minnesota courts may depart in interpretations when provisions of state and federal laws are not similar). Similarly, the *Dare* court's holding pertained to access to public buildings, not access to public accommodations as alleged in this lawsuit. *Id.* at 1172–73.

▆▆▆ As the record contains no facts showing malice, this action against the commissioner was barred under the doctrine of official immunity. Whether to apply official immunity vicariously is a policy question. *Pletan v. Gaines*, 494 N.W.2d 38, 42 (Minn.1992). Generally, when official immunity applies to the employee, vicarious. official immunity applies to the employer. *Wiederholt v. City of Minneapolis*, 581 N.W.2d 312, 316(Minn.1998). Here, there is no reason for treating the state differently from the commissioner. Both should be allowed to exercise their discretion to maintain a disability parking certificate program without threat of an action attacking their performance. Therefore, the district court did not err in its ruling that the state was immune from liability.

## DECISION

Because the commissioner's decision to impose a fee for the disability parking certificate was discretionary and without malice, the commissioner had official immunity from this MHRA action. For the same reasons, immunity for the state was vicarious. Because the commissioner and state were immune from liability, appellant's MHRA claim is barred, and we need not decide whether imposition of the fee violated the MHRA.

**Affirmed.**